## New Castle Trust Company v. Fehl.

*Practice, C. P.—Pleading—Promissory notes—Protest notice—Manner of service—Statement of claim—Act of May 14, 1915.*

1. It is not necessary, under the Practice Act of May 14, 1915, P. L. 483, to attach a copy of the protest notice to the statement of claim in a suit upon a promissory note.

2. The statement of claim must set forth the manner in which the notice of protest was served upon the defendant.

3. An averment in the statement of claim that "the defendant was duly notified on the 31st day of March, A. D. 1921, of the said protest," is not sufficient.

Motion to strike off statement of claim. C. P. Bucks Co., Oct. T., 1921, No. 6.

*Hiram H. Keller*, for plaintiff; *Harry E. Grim*, for defendant.

RYAN, P. J., Dec. 12, 1921.—This is a suit on a promissory note against an endorser. The affidavit of defence, which is in effect a demurrer, raises three objections to the sufficiency of the statement of claim, to wit: (1) That it does not set forth a copy of the protest notice; (2) that it does not set forth "the manner the notice of protest was served upon the defendant;" and (3) that the plaintiff is described as "a corporation of New Castle and the defendant is informed that New Castle does not have the authority to create corporations." The first ground is not well founded. The copy of the notice of protest is merely evidence of the fact of protest and is not a note, contract or book account, copies of which alone are required to be attached to the statement by section 5 of the Practice Act of May 14, 1915, P. L. 483. The second ground must be sustained. The statement avers, *inter alia*, that "the defendant was duly notified on the 31st day of March, A. D. 1921, of the said protest," etc. It is contended by the defendant that, as notice of protest may be given in several different ways under the Negotiable Instruments Act of May 16, 1901, P. L. 194, 208, the particular way in which notice was given should be stated. Such notice may be oral or written, may be given by the party holding the note or his agent, may be served by mail or personally, etc. As the statement must be self-sustaining, it should set forth a legal service of notice of dishonor in order to establish the liability of the endorser. The third ground set forth is trifling and captious and not entitled to consideration.

And now, to wit, Dec. 12, 1921, judgment is entered in favor of the defendant upon the second question of law raised by the affidavit of defence, and leave is given the plaintiff to amend in accordance with this opinion within ten days from this date, otherwise the statement to be stricken off.

From Calvin S. Boyer, Doylestown, Pa.